IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01616-REB-MJW

MATTHEW RODNEY PAGE,

      Petitioner,

v.

R. WILEY, Warden,

      Respondent.

---

**RECOMMENDATION ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 (Docket No. 2)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


      This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by District Judge Robert E. Blackburn on August 24, 2006

(Docket No. 7).

      The pro se incarcerated petitioner filed an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 2) and a Memorandum in Support

(Docket No. 3).  The respondent timely filed a Answer (Docket No. 11), and petitioner

filed a Traverse (Docket No. 13).  The court now being fully informed makes the

following findings, conclusions, and recommendation.

      Petitioner states that he is designated for the Federal Prison Camp in Florence,

Colorado, has a projected release date of December 25, 2007, and is scheduled to

transfer to a Community Confinement Center ("CCC") on October 21, 2007.  In this

action, he contends that the Bureau of Prisons ("BOP") has improperly decided to

categorically deny the consideration of placement in community confinement, contrary

to the plain meaning of 18 U.S.C. § 3621(b).  Petitioner is challenging the validity of

BOP regulations (28 C.F.R. §§ 570.20 and 570.21), contending that they are contrary

to Congress' directives as set out in § 3621(b).  He asks that the court find these

regulations to be invalid and that the court compel the BOP to consider in good faith his

eligibility for placement in community confinement.

This week, in Wedelstedt v. Wiley, – F.3d –, 2007 WL 512517 (10th Cir. Feb. 20,

2007), the Tenth Circuit Court of Appeals addressed the same issue raised herein,

adopted the reasoning of the Second, Third, and Eighth Circuits, and found that "[t]he

BOP regulations contradict Congress' clear intent that all inmate placement and

transfer decision be made individually and with regard to the five factors enumerated in

18 U.S.C. § 3621(b).  The regulations at issue supplant the five factors and, therefore,

are invalid."  Id. at *1.  For the reasons stated in Wedelstedt, it is recommended that

the relief afforded Wedelstedt be afforded to the petitioner in this action.  It is thus

**RECOMMENDED** that Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (Docket No. 2) be granted to the extent that the BOP be directed to

consider immediately whether the petitioner should be transferred to a CCC without

regard to 28 C.F.R. §§ 570.20 and 570.21.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

**parties have ten (10) days after service of this recommendation to serve and file**

3

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  Makin v. Colorado Dep't of**

**Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**

Dated:        February 22, 2007              s/ Michael J. Watanabe
              Denver, Colorado               Michael J. Watanabe
                                             United States Magistrate Judge