IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-01616-PAB-MJW

MATTHEW RODNEY PAGE,

    Plaintiff,

v.

R. WILEY, Warden,

    Defendant.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael J. Watanabe filed on February 22, 2007 [Docket No. 14]. The Recommendation states that objections to the Recommendation must be filed within ten days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 22, 2007. No party has objected to the Recommendation.

This matter involves Mr. Page's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. At the time he filed his petition, Mr. Page was incarcerated at the Federal Prison Camp in Florence, Colorado. The petition claims that the Bureau of Prisons categorically denied consideration of placing him in a community confinement center pursuant to BOP regulations. Petitioner challenged such regulations (28 C.F.R. §§ 570.20 and 570.21) as contrary to the plain meaning of 18 U.S.C. § 3621(b).

The Recommendation of the magistrate judge is that petitioner's application for writ of habeas corpus be granted based on the holding in *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). Specifically, the magistrate judge recommended that the BOP be directed to consider immediately whether the petitioner should be transferred to a community confinement center without regard to the challenged BOP regulations.

On July 26, 2007, respondent filed a status report with the Court indicating that, according to the federal Bureau of Prisons' "inmate locator" website, the petitioner had been released to a community corrections facility. The same public website currently lists the petitioner as having been released from custody. Given that the BOP apparently considered the petitioner for placement in a community corrections facility after the Recommendation was issued and given that, in any event, petitioner has been released from custody, the petition is now moot.

Accordingly, it is

**ORDERED** that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 2] is denied as moot.

DATED February 17, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge